IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|                                        |   |                                          |
|----------------------------------------|---|------------------------------------------|
| UNITED STATES OF AMERICA               | : |                                          |
|                                        | : | CRIMINAL ACTION NO.<br>1:14-CR-309-LMM  |
| v.                                     | : |                                          |
| KAREEM WALTER PARTHA, and<br>SHAMEEKA FRANCE, | : |                                   |
| Defendants.                            | : |                                          |

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [56], recommending that the Court deny Defendants' Motions to Suppress [26, 28, 38, 39] and Motion to Dismiss the Indictment [42]. Pursuant to 28 U.S.C. § 636(b)(1), Defendants filed objections to the R&R. After due consideration, the Court enters the following Order:

### I. BACKGROUND

This case arises from Defendants' arrest for alleged fraudulent activity related to various credit card transactions and thefts. See Dkt. No. [1] (Indictment). On October 28, 2013, Special Agent Loving obtained a search

warrant for Defendants' residence at 5502 Jamerson Drive, Atlanta, Georgia. In support of that warrant, Special Agent Loving described Defendants' alleged fraudulent activity in Maryland and in Atlanta. Specifically, the affidavit detailed fraudulent activity beginning on August 24, 2013, at a J. Crew retail store in Atlanta before Defendants apparently headed to Maryland to exchange the items bought in Atlanta, make new fraudulent purchases, and secure a hotel room. The last fraudulent transaction is alleged to have occurred on September 7, 2013, when Defendants allegedly exchanged more items previously purchased at a J. Crew.

Defendants were subsequently arrested by the United States Marshal Services in New York. They were then transported to the Northern District of Georgia before appearing before a magistrate judge.

Defendants have moved to suppress evidence seized from their home based on Special Agent Loving's affidavit filed in support of her search warrant. Defendants contend that the warrant lacks probable cause and moved to dismiss the indictment for violation of Federal Rule of Criminal Procedure 5. The Magistrate Judge considered Defendants' arguments and concluded that the Court should deny all Motions. As discussed above, Defendants now object to the Magistrate Judge's recommendation.

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed. 28 U.S.C. § 636(b)(1).

If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; FED. R. CRIM. P. 59(b)(3). As Defendants filed objections to the R&R, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

As discussed above, Defendants object to the Magistrate Judge's recommendations to deny their Motions to Suppress and their Motion to Dismiss the Indictment. The Court will go through each.

#### a. Motions to Suppress

Defendants moved to suppress evidence seized from the execution of a search warrant at their home because they contend there was no probable cause for the issuing judge to conclude any evidence of their alleged crimes would be found in their home. The Magistrate Judge rejected this argument for two reasons.

First, the Magistrate Judge found that the evidence should not be suppressed because the issuing judge had a reasonable basis for concluding that evidence of Defendants' alleged crimes would be found at their home. As support, the Magistrate Judge relied on U.S. v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009), and several related cases.

In Kapordelis, the defendant challenged a search warrant of his home on the basis that the warrant did not provide probable cause to suspect that he might

keep evidence of his crime in his home. Kapordelis, 569 F.3d at 1310. The Eleventh Circuit rejected his argument, holding that "[p]robable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. It further held, "Where a warrant to search a residence is sought, the affidavit must supply the authorizing magistrate with a *reasonable basis* for concluding that Defendant might keep evidence of his crimes at his home, i.e. a 'safe yet accessible place.'" Id. (emphasis added).

In that defendant's case, the Eleventh Circuit concluded there was probable cause because it was "common-sense" that a person suspected of criminal activity "tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained." Id. According to the Eleventh Circuit, "few places are more convenient than one's residence." Id. The Eleventh Circuit explained that the affidavit need not allege that any illegal activity occurred in the home. Id. However, the affidavit must establish some connection between the residence and the criminal activity. Id.

In evaluating whether there was probable cause in this case, the Magistrate Judge relied on this and other cases dealing with financial crimes and residential search warrants. For example, the Magistrate Judge relied on U.S. v. Maestas, 546 F.2d 1177, 1179-80 (5th Cir. 1977), where the Fifth Circuit held that there need not be firsthand support in an affidavit that evidence of fraud will be in the defendant's residence. Id. Instead, the Fifth Circuit found that an issuing judge

4

would normally expect such evidence to be hidden in the defendant's residence, and that such an assumption would support a search warrant. Id. Based on these and other cases, the Magistrate Judge determined that the totality of the circumstances gave the issuing judge a reasonable basis to believe that evidence of Defendants' alleged crimes would be in their home.

Defendants now object, arguing that the Magistrate Judge failed to consider that the affidavit did not contain information that contraband or evidence of the alleged crimes would be found at the residence. As support, Defendants cite a pre-Kapordelis holding where the Fifth Circuit determined there must be more than "an anemic suspicion that the stolen property was located in [the] home sought to be searched." U.S. v. Flanagan, 423 F.2d 745, 747 (5th Cir. 1970).

In Flanagan, the Fifth Circuit determined that the warrant was insufficient because there were no factual observations that the stolen goods were at the home nor did any informants tell the requesting officer that the goods were at the home. Id. Instead, the district attorney simply inferred that the goods were at the home and requested a search warrant. Id.

While the Court agrees with Defendants that there must be more than an "anemic suspicion" that evidence is at the home, the Court finds that, since Flanagan, courts have found that it is abundantly reasonable for an issuing judge to conclude, even without firsthand accounts, that evidence of fraudulent financial activity will likely be stored in a defendant's home. See U.S. v. Abboud,

5

438 F.3d 554 (6th Cir. 2006) ("One does not need Supreme Court precedent to support the simple fact that records of illegal business activity are usually kept at either a business location or at the defendant's home. Likewise, personal financial records are also usually stored at a person's home."); Kapordelis, 569 F.3d at 1310 (finding it is common sense for an issuing judge to conclude that a defendant might hide evidence in his home); Maestas, 546 F.2d at 1179-80 (finding there is no requirement for firsthand accounts that evidence of check fraud is in a defendant's home). As such, the conclusion that a search of a defendant's home will reveal evidence of his/her alleged crime is no longer merely an anemic suspicion.

As to this specific search warrant, the Court agrees with the Magistrate Judge's recommendation. That is, Defendants lived at the residence and even began their alleged financial crimes in Atlanta, the location of the residence. Based on Eleventh Circuit precedent, it is not unreasonable for the issuing judge to conclude, based on the totality of the circumstances, there was a connection between the residence and Defendants' alleged financial fraud.[1]

---

[1] It appears from their objections that Defendants are also concerned that the affidavit did not explicitly say something to the effect that "there is probable cause to believe evidence of Defendants' crime is in their home." However, the affidavit does make such a statement, if nothing else, at least by implication. That is, the form affidavit used by Agent Loving has a heading for "the facts establishing probable cause that . . . the above described property . . . [is] currently located at the . . . premises." Dkt. No. [28-1] at 4. Agent Loving then listed the facts she believed demonstrated probable cause, including the fact that the fraud began in Atlanta and that Defendants lived in Atlanta.

6

Next, the Magistrate Judge determined that, even if the warrant were improperly issued, it was still valid under the good faith exception. That exception dictates, "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." U.S. v. Leon, 468 U.S. 897, 926 (1984). According to the Eleventh Circuit, "[t]he purpose of the exclusionary rule is to deter unlawful police misconduct; therefore, when officers engage in 'objectively reasonable law enforcement activity' and have acted in good faith when obtaining a search warrant from a judge or magistrate, the Leon good faith exception applies." U.S. v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002).

The Magistrate Judge determined that the good faith exception applied because the affidavit was not a "'bare-bones' statement of nothing more than conclusory allegations" which the Supreme Court in Leon found incompatible with the good faith exception. Dkt. No. [56] at 15 (quoting U.S. v. Glinton, 154 F.3d 1245, 1257 (11th Cir. 1998)). Instead, according to the Magistrate Judge, the affidavit gave the issuing judge detailed information to consider and evaluate.

Defendants attempt to object to this finding. But in doing so, Defendants fail to present a well-supported objection. Instead Defendants simply incorporate by reference the arguments they made to the Magistrate Judge in their previous briefs without describing why the Magistrate Judge's finding is flawed.

Nonetheless, even if Defendants had properly objected, the Court finds that the Magistrate Judge correctly determined that the good faith exception would apply. That is, there is absolutely no indication that Special Agent Loving acted dishonestly or recklessly in preparing her affidavit. As the Magistrate Judge found, she detailed each and every alleged instance of fraudulent activity, including dates, times, and locations. Further, assuming *arguendo* that the affidavit lacked a basis for searching the residence, there is no indication that Special Agent Loving knew it lacked a basis or that she wished to search the residence without a basis. For those reasons, suppression of the affidavit is wholly inappropriate. Leon, 468 U.S. at 926.

Defendants' objections are **OVERRULED**. Their Motions to Suppress are **DENIED**.

### b. Motion to Dismiss the Indictment

Next, the Magistrate Judge recommended that the Court deny Defendants' Motion to Dismiss the Indictment. In coming to that decision, the Magistrate Judge declined to have an evidentiary hearing to determine if a Rule 5 violation occurred. Rather, the Magistrate Judge assumed a violation occurred but determined that dismissal of the indictment was not a proper remedy. The Magistrate Judge determined that, under Eleventh Circuit law, the only proper remedy for such a violation is suppression of any evidence obtained as a result of the violation. See U.S. v. Carruthers, 458 F. App'x 811, 818 (11th Cir. 2012) ("The only remedy we have recognized for a violation of Rule 5 is suppression of

8

evidence obtained as a result of the violation."). However, because there was no evidence obtained as a result of the alleged and assumed violation, the Magistrate Judge concluded that Defendants were not prejudiced and no remedy was needed. See U.S. v. Lawson, 153 F. App'x 209, 211 (4th Cir. 2005) ("Where the alleged delay does not result in unwarranted interrogation, no prejudice results, and any violation of Rule 5 does not require dismissal of the indictment.").

Defendants only objection is that the Magistrate Judge should have held an evidentiary hearing to determine whether a violation occurred. However, Defendants ignore that the Magistrate Judge assumed a violation *did* occur. That is, the Magistrate Judge specifically said, "the court denies Defendants' request for an evidentiary hearing and will assume for purposes of evaluation Defendants' motion that a Rule 5 violation occurred." Dkt. No. [56] at 18-19.

Defendants argue that the hearing was necessary to determine the severity of the alleged violation. According to Defendants, if the violation was severe enough, the Court could dismiss the indictment using its supervisory powers. However, Defendants fail to address Carruthers, where the Eleventh Circuit specifically held that the *only* remedy for a Rule 5 violation is suppression. Carruthers, 458 F. App'x at 818. There is nothing in Carruthers that indicates a district court within the Eleventh Circuit can dismiss an indictment if the Rule 5

violation is sufficiently egregious; nor have Defendants cited any authority to that effect.[2]

Defendants' objection is **OVERRULED**. The Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's R&R [56]. Defendants' Motions to Suppress [26, 28, 38, 39] and Motion to Dismiss the Indictment [42] are **DENIED**.

The trial in this action is hereby set to begin on Monday, June 26, 2017 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Tuesday, June 20, 2017 at 2:30 P.M. in Courtroom 2107. By noon on Thursday, June 8, 2017, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Thursday, June 8, 2017, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Thursday, June 15, 2017, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through June 26, 2017, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the

---

[2] Additionally, Defendants argue that the Magistrate Judge was *required* to hold a hearing. However, their own citation undermines their position. That is, under the Northern District of Georgia's Local Criminal Rules, a Magistrate Judge is "authorized . . . to conduct hearings . . . on dispositive pretrial motions . . . such as motions to dismiss." NDGA LCrR 59(2)(a). While Defendants cite that rule as support for their position, the rule merely allows, but does not require, that the Magistrate Judge conduct a hearing for a motion to dismiss.

reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 2nd day of June, 2017

*(signature)*
**Leigh Martin May**
**United States District Judge**